UNITED STATES *v.* SEARS, ROEBUCK & CO. ET AL.

**No. 5268.**—Invoices dated Berlin, Germany, December 18, 1936, etc.
 Certified December 19, 1936, etc.
 Entered at Memphis, Tenn., February 3, 1937; New Orleans, La., December 31, 1935; Philadelphia, Pa., May 5, 1937; Boston, Mass., September 13, 1937; etc.
 Entry Nos. 58, 1804, 10866, 3834, etc.

Third Division, Appellate Term

(Decided on rehearing (Reap. Dec. 5078) May 19, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the appellant.
*James W. Bevans* for the appellees.

Before Cline, Evans, and Keefe, Judges

Cline, Judge: This is an application for review of the decision of the trial court in *Sears, Roebuck & Co. et al.* v. *United States*, Reap. Dec. 4737. The case is now before the court on rehearing, it having been considered by this division in *United States* v. *Sears, Roebuck & Co. et al.*, Reap. Dec. 5078, wherein the court held that exhibit 1 was inadmissible as evidence and the case was remanded to the trial court with instructions to reconsider the finding, giving no weight to the evidence contained in exhibit 1.

Counsel for the importers, in his application for rehearing and in the argument of the case, claimed that the court did not give full consideration to all of the points of similarity between the merchandise covered by exhibit 1 and the goods in the shipments herein involved. He claims that the rope in the shipments in these cases must be similar to the rope covered by the invoices in that exhibit because the appraiser used the same values in appraising the merchandise in both cases, and, accordingly, there is a presumption that the ropes covered by both appraisements are similar.

From an examination of the invoices in that exhibit it appears that the appraiser made his return in red-ink on the paper prepared by the customs broker in showing the details in making entry and made no return on the invoices themselves. There are six invoices in the exhibit. On the third, fourth, and fifth invoices, dated December 7, 1937, having 84/6450 as an identification number, merchandise described as "Black crucible cast steel wire rope" was appraised at the same prices that the appraiser used in appraising some of the items invoiced as "Standard plow steel hoisting rope" in reappraisement 119113-A in this case. Witness Rennhack testified that the expression "Black crucible cast steel wire rope" would not apply to the merchandise herein involved. Therefore the merchandise invoiced under that term cannot possibly be comparable with that invoiced as "Standard plow steel hoisting rope" in the cases now before the court. Although there are other items invoiced as "Black plow steel wire ropes" on the invoices in the exhibit, we are of opinion that the values found by the appraiser in the exhibit are of no avail for the purpose of identifying the goods and connecting that transaction and the commodities covered thereby with the merchandise in this case.

We are of opinion that we committed no error in our original decision in holding that exhibit 1 is not admissible, in the absence of evidence on the part of the importers showing that the merchandise described therein was the same or similar to the goods in this case.

In conformity with the practice detailed in *United States* v. *Titan Shipping Co., Inc.*, 25 C. C. P. A. 403, T. D. 49485, we deem it our duty to remand the case so that the trial court may reconsider the

evidence, giving no weight to exhibit 1. Therefore we adhere to our former decision and reverse the judgment below, remanding the case to the trial court with instructions to reconsider the case in harmony with the principles announced in this decision. Judgment will be entered accordingly.